```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

Vincent Doan,                        )
                                     )
            Petitioner,              ) Case No. 1:00-CV-727
                                     )
    vs.                              )
                                     )
Harold Carter, Warden,               )
                                     )
            Respondent.              )

O R D E R

This matter is before the Court on Petitioner Vincent Doan's objections (Doc. No. 49) to Magistrate Judge Hogan's order (Doc. No. 48) denying his motion for leave to conduct discovery (Doc. No. 29) and his motion for a complete record (Doc. No. 31). For the reasons that follow, Petitioner's objections are not well-taken and are **OVERRULED**.

In November 1997, after a trial by jury in the Clinton County Court of Common Pleas, Petitioner was convicted of three counts of kidnapping and one count of aggravated murder in the death of Carrie Culberson. The trial court sentenced Petitioner to nine years of imprisonment on the kidnapping charges and a term of life imprisonment without the possibility of parole on the aggravated murder conviction, consecutive to the term of imprisonment on the kidnapping convictions. Petitioner's convictions and sentences were affirmed on direct appeal. State v. Doan, No. CA97-12-014, 2000 WL 221963 (Ohio Ct. App. Feb. 28, 2000). The Supreme Court of Ohio disallowed a discretionary appeal from the decision of the court of appeals. State v. Doan, 731 N.E.2d 1139 (Ohio 2000). Petitioner then initiated state

court proceedings for post-conviction relief. The trial court denied post-conviction relief and the court of appeals affirmed that decision as well. State v. Doan, No. CA2001-09-030, 2002 WL 1396874 (Ohio Ct. App. June 28, 2002).

In August 2000, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although Petitioner's state post-conviction proceedings had not concluded at that time, on April 2, 2002, the Court excused Petitioner's failure to exhaust his state court remedies because of the state court of appeal's delay in ruling on his appeal from the trial court's decision in the post-conviction proceedings.

Pursuant to Rule 6(a) of the Rules Governing § 2254 Cases, Petitioner then filed a motion to conduct discovery on six of his claims for relief (Doc. No. 29). Specifically, Petitioner wants to conduct discovery on grounds two, three, and four of his petition, which raise claims that the prosecution failed to disclose exculpatory information, ground eight, which alleges that the Petitioner's Sixth Amendment right to confrontation and cross-examination of witnesses was violated, ground ten, which alleges juror misconduct, and ground twelve, which alleges ineffective assistance of trial counsel. The Court notes that Petitioner's motion to conduct discovery is based on information and evidence subsequently disclosed to him in civil wrongful death litigation and which he presented to the state court in the post-conviction relief proceedings. In addition, pursuant to Rule 5 of the Rules Governing § 2254 Cases, Petitioner filed a

motion for a complete record which seeks to supplement the existing record with a number of pleadings from the state court proceedings (Doc. No. 31).

Magistrate Judge Hogan issued an order (Doc. No. 48) which denied Petitioner's motion for leave to conduct discovery and which granted in part and denied in part Petitioner's motion for a complete record. With respect to Petitioner's motion for leave to conduct discovery, Judge Hogan found that Petitioner failed to explain why the present record is insufficient to resolve his claims or that the facts as argued have not been fully developed. With respect to Petitioner's motion to supplement the record, Magistrate Judge Hogan ordered Respondent to file certain of the pleadings listed by Petitioner which he believed would be helpful in resolving Petitioner's claims, but denied Petitioner's motion as to the remainder of Petitioner's list. Petitioner objects to both of these rulings by Judge Hogan.

Because neither of Petitioner's motions is case-dispositive, this Court reviews Magistrate Judge Hogan's order under the clearly erroneous or contrary to law standard of review. Fed. R. Civ. P. 72(a). A decision is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. United States v. Mack, 159 F.3d 208, 215 (6th Cir. 1998).

A. Motion to Conduct Discovery

3

In <u>Sanford v. Parker</u>, 266 F.3d 442 (6th Cir. 2001), the Court of Appeals set forth the standard for determining whether to allow a habeas petitioner to conduct discovery:

> Habeas petitioners have no right to automatic discovery. A district court has discretion to grant discovery in a habeas case upon a fact specific showing of good cause under Rule 6. See <u>Bracy v. Gramley</u>, 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997); <u>Byrd v. Collins</u>, 209 F.3d 486, 515-16 (6th Cir. 2000). Rule 6(a) provides: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The burden of demonstrating the materiality of information requested is on the moving party. See <u>Murphy v. Johnson</u>, 205 F.3d 809, 813-15 (5th Cir. 2000).

<u>Id.</u> at 460. Discovery is not warranted where it would not resolve any factual disputes which would entitle the petitioner to relief. <u>Id.</u>

The Court cannot say that Magistrate Judge Hogan's decision denying Petitioner's request to conduct further discovery on his claims was clearly erroneous. As Judge Hogan implicitly found in his order, while Petitioner has explained at length why he believes the evidence he presented during the state post-conviction proceedings establishes that his constitutional rights were violated at trial, he has not shown that further discovery is likely to lead to any relevant evidence beyond what he has already been adduced. See <u>Keenan v. Bagley</u>, 262 F. Supp.2d 826, 838 (N.D.Ohio 2003)(discovery request denied where petitioner failed to show that discovery would lead to further evidence of actual innocence). In fact, the breadth and scope of

4

Petitioner's discovery requests have the appearance of the proverbial fishing expedition, on which habeas petitioners are not entitled to embark. Sanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001).

Accordingly, Petitioner's objections to Magistrate Judge Hogan's order denying Petitioner's motion to conduct discovery are not well-taken and are **OVERRULED**.

### B. Motion for a Complete Record

Petitioner also objects to Judge Hogan's order to the extent that Judge Hogan did not order Respondent to provide the complete list of pleadings in his motion for a complete record. In comparing Petitioner's list with the documents Judge Hogan ordered Respondent to produce, it appears that the bulk of the pleadings excluded from Judge Hogan's order are Petitioner's various motions or demands for the prosecution to turn over exculpatory and impeachment evidence. The prosecution, however, has an obligation to disclose Brady material to the accused regardless of whether a request for production of exculpatory evidence has been made. Strickler v. Greene, 527 U.S. 263, 280 (1999). Moreover, the prosecution bears the consequences of incorrectly assessing the materiality of potentially exculpatory evidence, regardless of his or her good faith. Kyles v. Whitley, 514 U.S. 419, 420, 439-40 (1995). Therefore, supplementing the record with Petitioner's various pleadings requesting production of exculpatory and impeachment evidence would not be helpful in

resolving any of Petitioner's claims for relief.  Judge Hogan's order, therefore, was not clearly erroneous.

Accordingly, Petitioner's objections to this part of Magistrate Judge Hogan's order are not well-taken and are **OVERRULED.**

**IT IS SO ORDERED**

Date  April 28, 2004                    s/Sandra S. Beckwith
                                        Sandra S. Beckwith
                                  United States District Judge