IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Vincent Doan, | : | |
| Petitioner, | : | Case No. 1:00-CV-727 |
| v. | : | Judge Beckwith |
| Harold Carter, Warden, | : | Magistrate Judge Hogan |
| Respondent, | : | |

**RESPONDENT CARTER'S UPDATE OF AUTHORITIES**

With respect to his Confrontation Clause claim, in his traverse at p. 42, Doan asserts that "*Crawford v. Washington,* 124 S.Ct. 1354 destroys much of the argument made by Respondent".

Since the Court's recent decision in *Crawford,* numerous federal circuit and district courts have considered and rejected the argument that *Crawford* should be extended so as to have a retroactive effect.  For example in *Evans v. Luebbers*, 371 F.3d 438 (8th Cir. 2004)(Exhibit A), the Eighth Circuit refused to retroactively apply *Crawford* to a habeas petition as it held:

> [T]he *Crawford* Court did not suggest that this doctrine would apply retroactively and the doctrine itself does not appear to fall within either of the two narrow exceptions to *Teague v. Lane*'s non-retroactivity doctrine.

Other courts have similarly declined to apply *Crawford* to habeas cases involving state court decisions rendered well before *Crawford*.  *See,* e.g., *Dorchy v. Jones*, 2004 U.S. Dist. LEXIS 9436, *17-19 (E.D. Mich. May 26, 2004)(Exhibit B) ["at the time of Petitioner's direct appeal, *Roberts* was the controlling law"]; *Johnson v. Renico*, 2004

U.S. Dist. LEXIS 7105, *11-12.  (Exhibit C).  ["at the time of Petitioner's conviction and direct appeal *Roberts* was still good law"]; *Murillo v. Frank*, 316 F.Supp.2d 744 (E.D. Wis. 2004) (Exhibit D) [*Crawford* is a new rule that cannot be relied on for relief in on-going habeas proceedings]; *Lave v. Dretke*, 2004 U.S. Dist. LEXIS 11217, *6-8 (N.D. Tex. June 17, 2004)(Exhibit E)[*Crawford* is a new rule for *Teague* purposes that does not fall within either exception to the non-retroactivity doctrine].

Additionally in *Horton v. Allen,* 370 F.3d 75, 83 (1st Cir. 2004)(Exhibit F), the First Circuit recently emphasized that "*Crawford* draws a distinction between testimonial and nontestimonial hearsay and applies only to the former categories of statements".  In so ruling the appellate court emphasized, "In *Crawford*, the Court held that the Confrontation Clause bars the admission of **testimonial** hearsay unless the declarant is unavailable and the accused has had a prior opportunity to cross-examine the declarant". *Id.*

Respectfully submitted,

JIM PETRO (0022096)
Attorney General


/s/ Stuart A. Cole
Stuart A. Cole (0020237)
Assistant Attorney General
Corrections Litigation Section
150 E. Gay Street, 16th Floor
Columbus, Ohio 43215-6001
(614) 644-7233
(614) 728-9327 - Fax
scole@ag.state.oh.us


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the *Respondent Carter's Update of Citations* was electronically sent KORT GATTERDAM, Kravitz and Kravitz, 145 East Rich Street, Columbus, Ohio 43215 on this 19th day of July, 2004.
.

/s/ Stuart A. Cole
Stuart A. Cole
Assistant Attorney General