LEXSEE 2004 U.S. DIST. LEXIS 11217

JOSEPH ROLAND LAVE, JR., PETITIONER, v. DOUGLAS DRETKE, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,
RESPONDENT.

No. 3:00-CV-2137-H

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
TEXAS, DALLAS DIVISION

*2004 U.S. Dist. LEXIS 11217*

June 17, 2004, Decided
June 17, 2004, Filed

**DISPOSITION:** [*1] Findings, conclusions and recommendation of correct and adopted. Motion to abate proceedings denied.

**COUNSEL:** For Joseph Roland Lave, Jr, Petitioner: David L Botsford, Law Office of David L Botsford, Austin, TX. Lawrence Brown, The Brown Firm, Fort Worth, TX. Walter C Long, Law Office of David L Botsford, Austin, TX.

For Gary Johnson, Respondent: Charles A Palmer, Law Office of Charles A Palmer, Austin, TX.

For Douglas Dretke, Director TDCJ-CID, Respondent: Carrie Elizabeth Parsons, Attorney General of Texas, Austin, TX. Charles A Palmer, Law Office of Charles A Palmer, Austin, TX.

**JUDGES:** BAREFOOT SANDERS, SENIOR JUDGE, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** BAREFOOT SANDERS

**OPINION:**

ORDER OVERRULING OBJECTIONS, DENYING MOTION TO HAVE FEDERAL PROCEEDINGS HELD IN ABEYANCE AND ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE

On May 17, 2004, Petitioner Joseph Roland Lave, Jr., filed *Petitioner Lave's Objections to the Findings, Conclusion and Recommendation of the United States Magistrate Judge,* [*2] and on May 27, 2004 he filed *Petitioner Lave's Motion to have Federal Proceedings Held in Abeyance Pending Exhaustion of New Issues in State Courts.* On June 10, 2004, Respondent filed his opposition to this motion with brief in support. The above-entitled matter having come before this Court on consideration of said objections, and following a de novo review of Petitioner's Amended Petition for Writ of Habeas Corpus and related papers filed in this cause, it is the opinion of the Court that such objections should be overruled and denied and that the motion should be denied in all respects. The Court further finds that the findings and conclusions of the Magistrate Judge are correct and they are adopted as the findings and conclusions of the Court.

Petitioner's Motion and the greater part of his Objections contend that a recent Supreme Court ruling supports his claims of ineffective assistance of counsel and proposed new claims of ineffective assistance of counsel and fundamental error in his trial. In *Crawford v. Washington, 158 L. Ed. 2d 177,   U.S.   , 124 S. Ct. 1354 (2004),* the Supreme Court held that the *Confrontation Clause* prohibits the [*3] admission of out-of-court statements against a criminal defendant unless the declaring witness is unavailable and the defendant had a prior opportunity to cross examine the witness, regardless of whether the out-of-court statement would otherwise be deemed reliable by the court. This abrogated the prior rule in *Ohio v. Roberts, 448 U.S. 56, 100 S. Ct. 2531, 65 L. Ed. 2d 597 (1980).* Petitioner contends that had trial counsel the benefit of this rule, he would never have agreed to the admission of a co-actor's statement through the police officer who testified at the



trial. n1 Petitioner also contends that, in light of this recent pronouncement, it was fundamental error for the trial court to allow such testimony to be admitted even though such admission was based on an express agreement of the parties before the court. Both of these assertions are incorrect.

> n1 Petitioner makes the interesting claim that *Crawford* "was the law at the time of Lave's capital murder trials, although it was unknown to trial counsel, who were guided only by *Roberts* and its progeny." (Motion at 3.) Petitioner also contends that the *Crawford* standard was "unknowable" at the time of his trial. (*Id.*) This unusual argument appears to have been made in order to avoid the nonretroactivity bar and will not be considered as an argument that counsel had the benefit of this recent opinion during his trial or appeal in state court.

[*4]

With respect to Petitioner's claims of ineffective assistance of counsel, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984). Regarding trial counsel's performance, "the determination whether the performance of counsel was deficient is based upon the law as it existed at the time of trial." *Lucas v. Johnson,* 132 F.3d 1069, 1078 (5th Cir.), cert. dism'd, 524 U.S. 965, 119 S. Ct. 4, 141 L. Ed. 2d 765 (1998); *see also Givens v. Cockrell,* 265 F.3d 306, 309-10 (1986). Similarly, appellate representation is evaluated from appellate counsel's perspective at the time of appeal. *Schaetzle v. Cockrell,* 343 F.3d 440, 445 (5th Cir. 2003), cert. denied, ___ U.S. ___, 124 S. Ct. 1156, 157 L. Ed. 2d 1050 (2004). Since neither counsel had the benefit of *Crawford,* it cannot affect [*5] the reasonableness of counsel's strategy in negotiating an agreement with the prosecution at the trial and in the presentation of error on appeal. These reasons for Petitioner's motion are without merit.

Petitioner also proposes two claims of fundamental error, which Respondent contends are barred by the non-retroactivity doctrine announced in *Teague v. Lane,* 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) and incorporated into 28 U.S.C. § 2254(d)(1). This Circuit has applied a three-step test to determine whether a claim is Teague-barred:

> (1) we determine when [Petitioner's] conviction and sentence became final, (2) we "survey the legal landscape as it then existed to determine whether a state court considering [Petitioner]'s claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution[,]" and (3) if [Petitioner] seeks the benefit of a new rule, we must decide whether the rule falls within one of the narrow exceptions to the non-retroactivity principle.

*Burdine v. Johnson,* 262 F.3d 336, 341 (5th Cir. 2001), [*6] cert. denied, 122 S. Ct. 2347 (2002)(quoting *Caspari,* 510 U.S. 383, 390, 127 L. Ed. 2d 236, 114 S. Ct. 948, 953). The Supreme Court has recognized two exceptions to this principle. The first is for new rules that place certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. *See Teague,* 489 U.S. at 307, 109 S. Ct. at 1073; *Caspari,* 510 U.S. at 396, 114 S. Ct. at 956. The second is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *Saffle v. Parks,* 494 U.S. 484, 495, 110 S. Ct. 1257, 1264, 108 L. Ed. 2d 415 (1990); *Caspari,* 510 U.S. at 396, 114 S. Ct. at 956. The Fifth Circuit Court of Appeals has "held that unless the Supreme Court has clearly established that the new rule falls within one of the exceptions to the non-retroactivity principle of *Teague,* . . . that new rule could not be considered with regard to petitions governed by the AEDPA." *Cockerham v. Cain,* 283 F.3d 657, 660 (5th Cir. 2002)(citations omitted).

Petitioner seeks the benefit of a new [*7] rule. He acknowledges that at the time of his trial, the state courts were obligated to follow the *Roberts* test that was abrogated by *Crawford.* (Objections at 8-9; Motion at 10.) In fact, Petitioner contends that a subsequent petition in state court would not be barred as successive because the legal basis for his proposed new claims was unavailable at the time of his earlier state application. (Objections at 4, n. 5; Motion at 16-19, 25). However, Petitioner argues that *Crawford* does not set forth a "new rule" for *Teague* purposes because it essentially revived the old rule that existed before *Roberts.* (Objections at 8-11; Motion at 2). This does not apply the correct test. Clearly, a Texas court considering Petitioner's claim at the time his conviction became final would not have felt compelled by existing precedent to conclude that the rule he now seeks was required by the Constitution. *Burdine,* 262 F.3d at 341. Therefore, it is a new rule for *Teague* purposes. Since the Supreme Court has not also clearly established that this new rule falls within an exception to

the non-retroactivity doctrine, it cannot be relied upon to support relief in [*8] this proceeding. *See Cockerham, 283 F.3d at 660.* Therefore, Petitioner's proposed new claims of fundamental error are barred and may not support his objections or his motion.

After making an independent review of the pleadings, files and records in this case, and the findings, conclusions and recommendation of the United States Magistrate Judge, the Court finds that the objections should be overruled, the motion to abate these proceedings should be denied, and the findings and conclusions of the Magistrate Judge are correct and should be adopted as the findings and conclusions of the Court.

**IT IS, THEREFORE, ORDERED** that *Petitioner Lave's Objections to the Findings, Conclusion and Recommendation of the United States Magistrate Judge* be, and they are, in all things hereby **OVERRULED** and **DENIED,** and that *Petitioner Lave's Motion to have Federal Proceedings Held in Abeyance Pending Exhaustion of New Issues in State Courts* be, and it is, hereby **DENIED.**

**IT IS, FURTHER, ORDERED** that the findings, conclusions and recommendation of the United States Magistrate Judge be, and they are, in all things hereby **ADOPTED** as the findings [*9] and conclusions of the Court.

Signed on this the 17 day of June, 2004.

BAREFOOT SANDERS, SENIOR JUDGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

**JUDGMENT**

The Court having heretofore entered its Order Adopting the Findings, Conclusions and Recommendation of the United States Magistrate Judge in this case,

It is therefore ORDERED, ADJUDGED and DECREED that all relief requested be, and the same is, hereby DENIED.

It is further ORDERED that the Clerk shall transmit a true copy of this Judgment, together with a true copy of the Order Adopting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, to the parties.

Signed on this the 17 day of June, 2004.

BAREFOOT SANDERS, SENIOR JUDGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

LEXSEE 370 F.3D 75

**RUSSELL J. HORTON, Petitioner, Appellant, v. PETER ALLEN, ET AL., Respondents, Appellees.**

No. 03-1423

**UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT**

*370 F.3d 75; 2004 U.S. App. LEXIS 10377*

**May 26, 2004, Decided**

**PRIOR HISTORY:** [*1] APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS. Hon. Morris E. Lasker, * Senior U.S. District Judge.

> * Of the Southern District of New York, sitting by designation. *Commonwealth v. Horton, 434 Mass. 823, 753 N.E.2d 119, 2001 Mass. LEXIS 418 (2001)*

**DISPOSITION:** Affirmed.

**LexisNexis(R) Headnotes**

**COUNSEL:** Emanuel Howard for appellant.

Annette C. Benedetto, Assistant Attorney General with whom Thomas F. Reilly, Attorney General, was on brief, for appellees.

**JUDGES:** Before Selya and Howard, Circuit Judges, and Singal, ** District Judge.

> ** Of the District of Maine, sitting by designation.

**OPINIONBY:** HOWARD

**OPINION:**

  **HOWARD, Circuit Judge.** Petitioner Russell Horton, a Massachusetts state prisoner convicted of two first-degree murders, appeals from the denial of his petition for a writ of habeas corpus. We affirm.

  **I. Factual Background**

  In June 1998, a jury convicted Horton of committing two first-degree murders and an assault with the intent to murder. We provide a summary of the evidence introduced at Horton's trial. See *Commonwealth v. Horton, 434 Mass. 823, 753 N.E.2d 119, 122-24 (Mass. 2001)*.

  On May 25, 1994, the three victims, Carlos and Manuel Araujo and Kepler Desir drove together from Boston to Brockton, Massachusetts. During [*2] the drive, Desir instructed Manuel to pick up Horton and Frederick Christian on Owens Street in Brockton. Desir knew these two men, but the Araujos did not. Christian and Horton got into the back seat of the car with Carlos, and the five men drove off together.

  During the drive, Horton announced that he wanted to rob some "Dominican drug dealers" and instructed Manuel to drive to a certain location where he could carry out his plan. Along the way, Horton exposed a gun and asked the others if they had weapons. They claimed that they did not. Upon arriving at the site, Horton and Christian left the car but returned shortly, claiming that they were unable to complete the robbery. After reentering the car, Horton instructed Manuel to drive to a nearby parking lot.

  In the parking lot, while staring out the window, Carlos was shot in the head. He immediately slumped forward, pretending to be dead. After two more shots were fired, Carlos heard Horton say, "Go through their pockets." Carlos then sensed Christian move from his seat and heard him ask Horton, "Did you do him?" Several minutes later, Christian and Horton departed the scene.

  After laying still for a few more moments, Carlos [*3] saw the bodies of Manuel and Desir and ran to the

