IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Vincent Doan,                      )
                                   )
            Petitioner,            ) Case No. 1:00-CV-727
                                   )
    vs.                            )
                                   )
Harold Carter, Warden,             )
                                   )
            Respondent.            )

O R D E R

This matter is before the Court on Magistrate Judge Hogan's Report and Recommendation of December 20, 2004 (Doc. No. 59) and Petitioner Vincent Doan's Objections to the Report and Recommendation (Doc. No. 61). For the reasons that follow, Petitioner's objections are **SUSTAINED IN PART**; this matter is **REMANDED** to the Magistrate Judge to conduct a limited de novo review of the record and to provide a supplemental Report and Recommendation.

In June 1997, a jury in Clinton County, Ohio convicted Petitioner Vincent Doan of the aggravated murder of Carrie Culberson. The jury also convicted Petitioner on three counts of kidnaping Culberson. In November 1997, the trial judge sentenced Petitioner to life imprisonment without parole on the aggravated murder conviction. The trial judge also sentenced Petitioner to nine years of imprisonment on the kidnaping convictions.

In February 2000, the Ohio Court of Appeals affirmed Petitioner's convictions on direct appeal. State v. Doan, No.

CA97-12-014, 2000 WL 221963 (Ohio Ct. App. Feb. 28, 2000). The Supreme Court of Ohio dismissed Petitioner's discretionary appeal from the judgment of the court of appeals as not raising any substantial constitutional question. State v. Doan, 731 N.E.2d 1139 (Ohio 2000)(table).

In December 1998, Petitioner commenced post-conviction relief proceedings in state court. The trial court denied Petitioner's motion for post-conviction relief on August 29, 2001. Petitioner then appealed the trial court's denial of post-conviction relief to the Ohio Court of Appeals. The court of appeals issued a decision affirming this decision on June 28, 2002. State v. Doan, No. CA-2001-09-030, 2002 WL 1396874 (Ohio Ct. App. June 28, 2002).

While Petitioner's motion for post-conviction relief was pending in state court, in August 2000, he filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. In October 2000, Respondent, Warden Harold Carter, moved to dismiss Petitioner's claim for habeas relief for failure to exhaust the available state administrative remedies (Doc. No. 5). In February 2001, Magistrate Judge Hogan recommended that Petitioner's habeas petition be dismissed until his post-conviction proceedings were resolved. Doc. No. 8. Petitioner objected to this Report and Recommendation. Doc. No. 9.

In April 2002, the Court issued a order (Doc. No. 15) sustaining Petitioner's objections to the Report and Recommendation.  In that order, the Court agreed with Petitioner that his failure to exhaust his administrative remedies should be excused because of the state court's unjustified delay in acting on his petition for post-conviction relief.  The Court, therefore, remanded the matter to the Magistrate Judge to consider Petitioner's habeas petition on the merits.

The parties then filed briefs on the merits of Petitioner's claims for relief.  One of the issues raised by Petitioner in his brief was the deference this Court is required to give to the state court's findings of fact and conclusions of law.  Petitioner argued that the state court's findings were not entitled to any presumption of correctness because this Court had excused the exhaustion requirement.  Magistrate Judge Hogan concluded, however, that in the absence of any authority to the contrary, the comity considerations underlying 28 U.S.C. §§

2254(d) & (e)(1)[1] still required giving deference to the state court's rulings. Doc. No. 29, at 28 n.4.

At the time Magistrate Judge Hogan issued his Report and Recommendation, however, he did not have the benefit of the Sixth Circuit's opinion in Turner v. Bagley, 401 F.3d 718 (6th Cir. 2005). In Turner, the petitioner's direct appeal languished on the docket of the state court of appeals for a number of years without resolution. While his appeal was still pending in state court, the petitioner filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. The respondent moved to dismiss petitioner's petition on the grounds

---

[1] These subsections state:

> d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

that he had failed to exhaust his administrative remedies before filing suit in federal court. The district court agreed and dismissed the petitioner's habeas petition. Approximately two years after the district court dismissed the petitioner's habeas case, the state court of appeals affirmed his conviction. Id. at 720-23.

The Petitioner appealed the dismissal of his habeas petition for failure to exhaust administrative remedies to the Sixth Circuit. In addressing the issue presented, the Turner Court noted that the exhaustion requirement is based on principles of comity and federalism and presumes that the state maintains adequate and effective remedies to vindicate federal constitutional rights. Id. at 724. Considerations of comity and federalism no longer obtain, however, if the state fails to give prompt consideration to the petitioner's claims. The failure to give prompt consideration to the petitioner's claims defeats the presumption that the state remedies are adequate. Thus, the Court concluded, the district court should not have dismissed the petitioner's habeas petition but rather should have considered it on the merits. Id. Moreover, the Court held, the state court's subsequent resolution of the petitioner's direct appeal did not constitute a ruling on the merits of the petitioner's ineffective assistance of counsel and speedy appeal claims. Id.

at 725.  According to the panel, the state court's ruling was "too late" and did not render these claims moot.  Id.

Turner establishes two principles:  1) If its remedies are inadequate, the state is not entitled to comity nor, presumably, the deference federal courts traditionally give to state court rulings; and, 2) if exhaustion is excused by the federal court, then a subsequent decision by the state court does not constitute a ruling on the merits of the petitioner's claims.

In this case, Petitioner filed his habeas petition before the state court rendered a final decision on his claims for post-conviction relief.  After Petitioner filed his federal habeas case, the state court resolved his claims.  This Court, however, determined that the state court failed to rule on Petitioner's claims in a timely fashion and held that Petitioner had constructively exhausted his administrative remedies.  That decision is now the law of the case.

Pursuant to Turner, because the Court waived the exhaustion requirement, the state court decision is not entitled to any deference nor does it constitute a ruling on the merits of Petitioner's claims.  In other words, it is as if the state court never ruled on Petitioner's claims.  If deference to the state court is inapplicable or inappropriate, the court should review the petitioner's claims de novo.  McKenzie v. Smith, 326 F.3d 721, 727 (6th Cir. 2003).

Accordingly, the Court **REMANDS** this matter to the Magistrate Judge for the limited purpose of conducting a <u>de novo</u> review and issuing a supplemental Report and Recommendation on those parts of the original Report and Recommendation which give deference to state court rulings and/or findings of fact.

**IT IS SO ORDERED**

Date  December 21, 2005                    s/Sandra S. Beckwith
                                      Sandra S. Beckwith, Chief Judge
                                        United States District Court