UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Vincent Doan,
    Petitioner

vs                                                Case No. 1:00cv727
                                                  (Beckwith, C.J.; Hogan, M.J.)

Edwin Voorhies,[1]
    Respondent

### SUPPLEMENTAL REPORT AND RECOMMENDATION

      In this habeas corpus action filed under 28 U.S.C. § 2254, petitioner has asserted thirteen grounds for relief based on alleged errors that occurred during his state criminal trial.[2] (*See* Doc. 1). On December 12, 2004, this Court issued a lengthy, in-depth Report

---

[1] In the petition, petitioner properly named as respondent Harold Carter, who was then Warden of the Southern Ohio Correctional Facility (SOCF), where petitioner is incarcerated. Subsequently, the caption of this case was changed to reflect the proper party respondent when James Haviland replaced Harold Carter as SOCF's Warden. (*See* Doc. 59, p. 1 n.1). Since that time, Edwin Voorhies replaced James Haviland as SOCF's Warden. Because Edwin Voorhies is the individual who currently has custody of petitioner, the caption of this case is hereby changed again to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[2] Although all of petitioner's claims arise from alleged errors that occurred during his trial, petitioner did assert in Ground Eight of the petition that his constitutional rights were violated "when the state courts refused to allow . . . appellate counsel to view witness statements for inconsistencies . . . on direct appeal." (*See* Doc. 59, p. 14). This claim was considered and rejected by the Ohio Court of Appeals on direct appeal based on state-law grounds before the instant action commenced. (*See id.,* pp. 79). The federal constitutional issues raised in Ground Eight were adjudicated against petitioner by this Court under a de novo standard of review because the state courts had failed to address them on his direct appeal. (*Id.,* p. 80).

and Recommendation rejecting each of petitioner's claims on the merits. (*See* Doc. 59).

In assessing the merits of petitioner's federal constitutional claims that were adjudicated by the state courts, this Court applied the deferential standard of review set forth in 28 U.S.C. § 2254(d), which provides that the petitioner is not entitled to relief unless the state court's adjudication of the constitutional claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. In addition, pursuant to 28 U.S.C. § 2254(e)(1), the Court deferred to the state courts' factual findings in the absence of "clear and convincing evidence" rebutting the presumption of correctness to be accorded such findings. The Court applied these standards to both petitioner's claims that were fully exhausted on direct appeal in the state courts before the instant petition was filed and petitioner's claims raised in state post-conviction proceedings that were not adjudicated by the state courts until after the instant action commenced. In so doing, the Court expressly rejected the argument asserted by petitioner in his traverse brief that the factual findings and legal conclusions made by the state courts in determining the merits of the constitutional claims raised in his post-conviction motions were not entitled to any deference and were thus subject to de novo review. (Doc. 59, pp. 28-29 n.4).

Pursuant to an Order issued December 21, 2005, the matter is now before this Court on remand "for the limited purpose of conducting a de novo review and issuing a supplemental Report and Recommendation on those parts of the original Report and Recommendation which give deference to state court rulings and/or findings of fact." (Doc. 64, p. 7). Previously, in April 2002, on objections to the undersigned's Report and Recommendation in February 2001 to dismiss the petition based on petitioner's failure to exhaust his then-pending state post-conviction remedies, the Court decided to excuse the exhaustion requirement "because of the state court's unjustified delay in acting on his petition for post-conviction relief." (*Id.*, p. 3). Relying on the Sixth Circuit's recent decision in *Turner v. Bagley,* 401 F.3d 718 (6th Cir. 2005), the Court concluded in its December 21, 2005 remand order that "because the Court waived the exhaustion requirement, the state court decision is not entitled to any deference nor does it constitute a ruling on the merits of Petitioner's claims," and that petitioner's grounds for relief should therefore be reviewed de novo. (Doc. 64, p. 6).

This Court has reviewed the Sixth Circuit's *Turner* decision and finds it to be inapposite. As the Court pointed out in its remand order, *Turner* involved an appeal from

the district court's dismissal of a habeas petition on exhaustion grounds. In that case, unlike here, the petitioner raised as one of his grounds for relief in a petition filed in March 2001, nearly eight years after the state direct appeal proceedings had commenced, that he had been denied a speedy appeal and effective assistance of counsel on appeal. *See Turner,* 401 F.3d at 720, 722. Without addressing the merits of any of petitioner's other underlying claims of error that allegedly occurred during his state criminal trial, the magistrate judge excused exhaustion due to the "inordinate delay" involved in the ongoing state appeal proceedings and recommended that the petition be conditionally granted because, although the right to a speedy appeal has not been recognized by the Supreme Court, "'each of [petitioner's] three appointed attorneys on appeal rendered ineffective assistance' by repeatedly failing to file a brief in his direct appeal." *Id.* 722-23. The district court disagreed with the magistrate judge's report and recommendation, however, and dismissed the petition for failure to exhaust state remedies.

Again without addressing any of the petitioner's other grounds for relief, the Sixth Circuit reversed the district court's decision and unconditionally granted the petition for writ of habeas corpus "[b]ecause the ineffective assistance rendered by Turner's attorneys in the state court deprived him of an opportunity to pursue a meaningful direct appeal from his conviction." *Id.* at 727. In so ruling, the court pointed out that nearly eleven years had elapsed between the filing of the petitioner's direct appeal in May 1993 and the Ohio Court of Appeals' March 19, 2004 decision affirming his conviction. *Id.* at 723.

As the Court has observed in its December 21, 2005 remand order, in addressing the exhaustion issue, the Sixth Circuit in *Turner* stated that the "exhaustion requirement is based on principles of comity and federalism," whereby state courts are provided the first "opportunity to address alleged flaws in their criminal procedures." *Id.* at 724. The requirement is also based on "the presumption that states maintain adequate and effective remedies to vindicate federal constitutional rights." *Id.* (citing *Workman v. Tate,* 957 F.2d 1339, 1344 (6th Cir. 1992)). The court concluded that because the state courts had failed to give "prompt consideration" to the petitioner's claims, the "presumption of adequate and effective remedies at the state level" was defeated and the "district court's dismissal of Turner's petition undermined the fundamental purpose of the exhaustion requirement by denying federal review to claims that were wrongfully ignored by the Ohio courts." *Id.*

In addition, as the Court has pointed out in its December 21, 2005 remand order, the Sixth Circuit held in *Turner* that the Ohio Court of Appeals' belated decision affirming the petitioner's conviction on appeal did not constitute a "ruling" that rendered his speedy

3

appeal and ineffective assistance of appellate counsel claim moot. *Id.* at 725. Quoting a Second Circuit decision in an analogous case, the court reasoned:

> A state court's hearing of an appeal does not moot a habeas petition based on a claimed denial of due process of the petitioner's right to appeal because it does not resolve the fundamental issue raised: whether delay or ineffective assistance of counsel violated the petitioner's right to an adequate and effective appeal. . . . Thus, despite his appeal having been decided, [petitioner] was entitled to a habeas determination of whether his appeal was no more than a "meaningless ritual," entitling him to release, to rehearing of his appeal, or to some other remedy.

*Id.* at 726 (quoting *Simmons v. Reynolds,* 898 F.2d 865, 867 (2nd Cir. 1990)). The Sixth Circuit reasoned further that, where the Ohio Court of Appeals failed to exercise any diligence with respect to Turner's appeal until after he filed his federal habeas petition, and indeed did not issue a decision on appeal until after the district court denied the petition, the "inordinate delay in state court cannot 'be overcome by a present exercise of diligence and treated as if it had not occurred.'" *Id.* at 726-27 (quoting *Harris v. Champion,* 938 F.2d 1062, 1066 (10th Cir. 1991)).

     Based on the facts presented in *Turner*, this Court agrees with the Sixth Circuit's decision in that case to excuse the exhaustion requirement and to grant the writ on the ground that the petitioner had been deprived of the opportunity to pursue a meaningful direct appeal from his conviction due to the ineffective assistance rendered by his appellate attorneys. In contrast, in this case, the exhaustion requirement already has been excused. Moreover, petitioner has not raised, nor does the record support, any claim of inordinate delay or ineffective assistance by petitioner's appellate counsel in pursuing a direct appeal on his behalf. Indeed, in this case, petitioner exhausted his state direct appeal remedy before filing his federal habeas petition. In addition, unlike *Turner,* this case only involves the merit-based review of claims of constitutional error that allegedly occurred during petitioner's trial.

     The court in *Turner* neither was faced with nor considered the specific issue before this Court regarding the applicability of the deferential standards of review set forth in 28 U.S.C. § 2254(d) and (e)(1) in evaluating constitutional claims adjudicated on the merits by the state courts, which were unexhausted when the petitioner filed his federal habeas petition but were excused from the exhaustion requirement based on a finding of "unjustified delay" by the state courts in addressing them. Although it is true *Turner* holds

that the comity considerations underlying the procedural exhaustion requirement are defeated when the state courts fail to give "prompt consideration" to a petitioner's claims, this Court has serious concerns about extending that holding to defeat the separate comity considerations underlying the merit-based review standards set forth in 28 U.S.C. § 2254(d) and (e)(1), requiring that deference be given to the state court's factual findings and applications of law in adjudicating constitutional claims. Moreover, although the *Turner* court correctly concluded that the petitioner's speedy appeal and ineffective assistance of appellate counsel claim was not rendered moot by the Ohio Court of Appeals' belated decision on appeal affirming the petitioner's conviction, this Court does not interpret that holding to mean that the merit-based review standards set forth in 28 U.S.C. § 2254(d) and (e)(1) are inapplicable or, in other words, that the state court's factual findings or its adjudication of the merits of the petitioner's underlying claims of error during his criminal trial are not entitled to any deference.

The holdings in *Turner* are limited to the factual situation presented in that case. Such a scenario is not presented here. However, because this Court has been ordered to conduct a de novo review, it has done so with respect to the claims raised by petitioner in the state post-conviction proceedings that were not fully exhausted when the instant petition was filed, but were excused from the exhaustion requirement.[3] On de novo review of the claims and numerous sub-claims alleged in Grounds Two through Four and Ground Ten of the petition, this Court concludes for the detailed reasons given in its December 12, 2004 Report and Recommendation that petitioner is not entitled to habeas corpus relief based on the merits of such claims. (*See* Doc. 59, pp. 36-47, 95-99).

**IT IS THEREFORE RECOMMENDED THAT:**

Upon de novo review of the merits of each of petitioner's claims of constitutional error alleged in Grounds Two through Four and Ground Ten of the petition, petitioner

---

[3]The claims alleged in Grounds One, Five through Nine, Eleven and Twelve of the petition were raised by petitioner to the Ohio courts on direct appeal and were fully exhausted in the state courts before petitioner filed the instant federal habeas petition. (*See* Doc. 59, pp. 15, 47, 63, 70, 78-79, 85, 100, 105). Therefore, *Turner* does not even arguably apply to require de novo review of such claims. In addition, the resolution of the claim of "cumulative error" alleged in Ground Thirteen of the petition, which was never raised in the state courts, did not involve the application of any standard of review; instead, the claim was summarily rejected because petitioner had not demonstrated that any of his individual claims for relief have merit. (*See id.,* pp. 106-07).

should not be granted habeas corpus relief in the instant action filed pursuant to 28 U.S.C. § 2254.


Date:  1/18/2006                             s/Timothy S. Hogan
     cbc                                     Timothy S. Hogan
                                             United States Magistrate Judge


J:\BRYANCC\2006 habeas orders\00-727doan.suppRR.wpd

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Vincent Doan,
    Petitioner,

                            Case No. 1:00cv727
    v.                       (Beckwith, C.J.; Hogan, M.J.)

Edwin Voorhies,
    Respondent.

**NOTICE**

    Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).