**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **VINCENT DOAN,** | : | |
| | : | |
| **Petitioner,** | : | |
| v. | : | **Case No. 00-CV-727** |
| | : | |
| **EDWIN VORHIES, WARDEN,** | : | **JUDGE BECKWITH** |
| | : | |
| **Respondent.** | : | **MAGISTRATE JUDGE HOGAN** |

---

**PETITIONER VINCENT DOAN'S OBJECTIONS TO THE MAGISTRATE'S**
**SUPPLEMENTAL REPORT AND RECOMMENDATION**

---

Now comes Petitioner, Vincent Doan, through counsel, and pursuant to 28 U.S.C.A. 636

and F.R.C.P. 72 and hereby submits the following objections to the Magistrate's Supplemental

Report and Recommendation, filed January 19, 2006.

Respectfully submitted,

/s/ Kort Gatterdam
Kort Gatterdam (0040434)
CARPENTER & LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
(614) 365-4100 (office)
(614) 365-9145 (fax)
gatterdam@carpenterlipps.com

COUNSEL FOR PETITIONER

## MEMORANDUM IN SUPPORT

On December 21, 2004, the Magistrate issued a Report and Recommendation on the merits of Petitioner, Vincent Doan's (Doan) claims.  Doan filed timely objections to the Report and Recommendation.  Included within Doan's objections was an objection that the Magistrate improperly relied upon findings of fact from the state court.  Doan alleged that since the state courts did not timely decide Doan's post conviction issues, the untimely opinions of the state court were entitled to no deference and the review of the Magistrate should be de novo.  The Magistrate disagreed.

On December 21, 2005, the District Court issued an Order remanding Doan's habeas petition to the Magistrate.  The District Court, based in part upon *Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2005), agreed with Doan that the state courts resolution of his post conviction claims were entitled to no deference.  (12/21/05 Order at 6-7)  The District Court ordered a de novo review of Doan's post conviction claims.  (*Id.*)

Less than one month after the District Court's Order, the Magistrate issued a Supplemental Report and Recommendation.  (1/19/06 Supplemental Report and Recommendation)  However, instead of complying with this Court's Order, the Magistrate spent the vast majority of the Report and Recommendation indicating why this Court was incorrect in its analysis of *Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2005) and why a de novo review was not required.  (See Mag. Supp. Rep. and Rec. at 1-5)

The Magistrate noted that the original decision to find that Doan exhausted his state remedies, due to inaction by the state courts, was made by the District Court on objections by Doan.  (*Id.* at 2)  Despite a clear Order from the District Court, the Magistrate found that the Sixth Circuit's *Turner* decision is inapposite.  (*Id.*)  What follows is a two and one half page

2

analysis of *Turner* and why, in the Magistrate's view, it does not apply to the facts of Doan.  (*Id.* at 2-5)  Not only does Doan disagree with the Magistrate's analysis and agree with the District Court's reading of *Turner* but Doan believes the Magistrate has missed the point.

With all due respect to the Magistrate, Doan objects to the Magistrate's view of whether this Court's analysis is correct or not.  This Court did not remand this matter for the Magistrate to opine whether it was correct in ordering a de novo review.  Doan raised a specific objection which this Court sustained.  The Magistrate has no authority to ignore this Court's ruling and use a supplemental report and recommendation as a means to state its disagreement with the District Court's analysis.  The Magistrate's Supplemental Report and Recommendation virtually ignores the District Court's Order.

It is abundantly clear from the Magistrate's opinion that a de novo review was never considered.  After spending almost the entire report and recommendation indicating his disagreement with the District Court's analysis, the Magistrate spends several sentences in the last paragraph indicating upon a de novo review, Doan's claims are still rejected.

There is no analysis of the claims whatsoever.  In the original report and recommendation on the merits, the Magistrate cited large portions of the Ohio Court's factual findings and indicated that it was relying on those factual findings.  The Magistrate used six pages of his opinion to recite as authoritative, the findings of fact from the state court of appeals.  (See 12/18/04 Mag. Rep. & Rec. at 28-34)  The Magistrate then analyzed the claims based upon the AEDPA's deferential standard of review, again presuming factual findings were correct.  (*Id.* at 34)  In determining there was no error, the Magistrate improperly relied on facts that are not presumed to be correct.  In order to determine whether such a conviction still can withstand constitutional muster, a different review must be conducted.  The supplemental report and

recommendation does not reveal such item by item, issue by issue analysis was performed and if so, why each issue, upon de novo review still does not warrant relief. Moreover, the only way for this Court to analyze whether the findings found by the Magistrate were reasonable is for the Magistrate to set forth the facts he relied upon in reaching a decision as to each issue. As it stands now, this Court has no record of what the Magistrate used to make his decision.

The claims which this Court ordered a de novo review take up approximately one quarter of the Magistrate's Report and Recommendation. Moreover, throughout the opinion the Magistrate refers to facts "presumed correct" from the court of appeals opinion. In the supplemental report and recommendation, the Magistrate does not address one fact, which it would find exists upon a de novo review, irrespective of how the state courts considered the issue. Doan incorporates by reference his objections to the Magistrate's Report and Recommendation filed on December 21, 2004 and his brief filed on the merits filed on June 30, 2004.

The Magistrate issued a 108-page report and recommendation on the merits of the claims. In less than one paragraph the Magistrate indicates none of its analysis would change despite the fact that it was stripped of the deferential review of claims two through four and ten. It is Doan's belief that this Court's Order compels the Magistrate to conduct an analysis of those claims, issues and facts upon which it relied in any manner upon the state court findings of fact. This cannot be done in several sentences. The Magistrate clearly relied upon the state courts in his original opinion and believed he was bound to do so under the ADEPA. This Court has Ordered the Magistrate to make findings which have not been made. With no analysis whatsoever, this Court cannot presume that the Magistrate complied with this Court's directive and still came out with the same decision.

The record is clear that the Magistrate performed no analysis on the claims raised in Doan's post conviction petition as ordered by this Court. Doan objects to the Magistrate's failure to abide by this Court's Order. Given the treatment of this issue and other issues related to this case by the Magistrate, Doan respectfully asks this Court not to remand this matter further. With all due respect and deference, it appears that the Magistrate has made a decision on this matter and is unwilling to perform the analysis requested by the District Court such that this Court could rely upon any future findings or opinions related to this matter.

For these reasons, Doan asks this Court to either: 1) Remand this matter to a new Magistrate for a full consideration of the merits of each claim raised by Doan in his brief on the merits, with a de novo standard of review for claims two through four and ten, or, 2) That this Court consider the merits of Doan's claims de novo, without regard for the Report and Recommendation or Supplemental Report and Recommendation of the Magistrate.

Respectfully submitted,

/s/ Kort Gatterdam
Kort Gatterdam (0040434)
CARPENTER & LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
(614) 365-4100 (office)
(614) 365-9145 (fax)
gatterdam@carpenterlipps.com

COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing Objections to the Magistrate's

Supplemental Report and Recommendation was sent via Clerk's e-mail to:

Stuart Alan Cole
Ohio Attorney General
Corrections Litigation Section
150 East Gay Street
16th Floor
Columbus, OH 43215-6001

this 30th day of January, 2006.

/s/ Kort Gatterdam
Kort Gatterdam

180450